**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4654**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

DEMARCUS MANDELL BROWN,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (7:12-cr-00057-SGW-1)

———————

Submitted:  May 30, 2014          Decided:  June 13, 2014

———————

Before DUNCAN and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Rebecca S. Colaw, REBECCA S. COLAW, P.C., Suffolk, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Jennifer S. DeGraw, Special Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demarcus Mandell Brown pleaded guilty pursuant to a written plea agreement to distributing cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) (Count Four), using and carrying a firearm during and in relation to, and in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012) (Count Five), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012) (Count Six). On appeal, Brown alleges that: (1) the district court improperly refused to suppress evidence seized from his residence and denied his request for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978); (2) the district court erred in denying his motion to withdraw his guilty plea; (3) counsel was ineffective; (4) the district court erred in failing to find a violation under Brady v. Maryland, 373 U.S. 83 (1963); and (5) testimony during the suppression hearing violated his Sixth Amendment rights. We affirm.

Following multiple controlled purchases of cocaine from Brown, conducted through a confidential informant, Roanoke City Police Detective Kelly Jennings applied for a search warrant of Brown's residence, supporting it with his affidavit. The affidavit described the controlled transactions and averred that, prior to a certain transaction, detectives saw Brown arrive at his residence, and then quickly enter and exit the

2

building.  The affidavit stated that Jennings then viewed Brown arrive at the agreed location for the transaction and conduct an exchange of cocaine with the confidential informant.  Based on Jennings' application, a search warrant issued for Brown's residence.

Following a subsequent controlled transaction, officers arrested Brown and conducted a search of his residence, seizing drugs, drug paraphernalia, and a loaded firearm.  Brown moved to suppress the evidence and for a Franks hearing.  Franks v. Delaware, 438 U.S. 154 (1978).  The district court conducted two separate motions hearings and heard testimony from Jennings, one other police detective, and Brown.  After hearing the testimony and the parties' arguments, the court found that Brown failed to make the necessary showing and denied his suppression motion.

During pretrial preparation, the government learned of a police incident report ("incident report") that stated the confidential informant in Brown's case lied to Jennings in a controlled drug transaction in an unrelated investigation.[1]  The following day, the government sent defense counsel a complete

---

[1] The incident report and the events contained therein postdated Jennings' application for the search warrant of Brown's residence.

3

copy of the incident report. Brown entered his guilty plea several days later.

Approximately four months later, Brown filed a pro se motion to withdraw his guilty plea or for a new trial. Brown asserted that he learned of the incident report only after his guilty plea, and alleged error by both the government and his counsel. At the scheduled sentencing hearing, the district court denied Brown's withdrawal motion, and sentenced Brown to a total of 285 months' imprisonment. Brown timely appeals.

**(1) Motion to Suppress and for a <u>Franks</u> Hearing.** Brown first contends that the district court erred in denying his motion to suppress and for a <u>Franks</u> hearing, contending that Jennings made deliberately false statements in his affidavit supporting the warrant application and that these false statements were material to the probable cause determination. This court reviews the legal determinations underlying a district court's denial of a <u>Franks</u> hearing de novo, and its factual findings for clear error. <u>United States v. Allen</u>, 631 F.3d 164, 171 (4th Cir. 2011). A defendant challenging the validity of a warrant is entitled to a hearing if he makes a preliminary showing that: "(1) the warrant affidavit contained a deliberate falsehood or statement made with reckless disregard for the truth and (2) without the allegedly false statement, the warrant affidavit is not sufficient to support a finding of probable cause." <u>United</u>

4

States v. Fisher, 711 F.3d 460, 468 (4th Cir. 2013) (internal quotation marks omitted). A defendant bears a heavy burden to establish the need for a Franks hearing, United States v. Jeffus, 22 F.3d 554, 558 (4th Cir. 1994), and "allegations of negligence or innocent mistake are insufficient." United States v. Tate, 524 F.3d 449, 454 (4th Cir. 2008) (internal quotation marks omitted).

Brown primarily argues that Jennings falsely stated that detectives observed Brown arrive at his residence, and then quickly enter and exit this building, rather than merely seeing Brown in the area outside his or another building. We agree with the district court that Brown has not established by a preponderance of the evidence that the search warrant affidavit contained statements that were intentionally or recklessly false, rather than merely negligent. Furthermore, the district court found credible the detectives' testimony regarding their observations and the search warrant application, and we defer to the district court's credibility determination. See United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008). Therefore, we conclude that the district court did not err in denying Brown's suppression motion.

**(2) Motion to Withdraw Plea.** Brown argues that the district court improperly denied the motion to withdraw his guilty plea, asserting that had he known about the incident report, he would

not have pleaded guilty. We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). "A defendant has no absolute right to withdraw a guilty plea[.]" Id. at 383-84 (internal quotation marks omitted). Instead, the defendant bears the burden of "show[ing] a fair and just reason" for withdrawal. Fed. R. Crim. P. 11(d)(2)(B); Nicholson, 676 F.3d at 383. We conclude that the district court properly applied the factors set forth in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), and did not abuse its discretion in denying Brown's motion.

**(3) Ineffective Assistance of Counsel.** Brown's ineffective assistance claim—that counsel was ineffective in failing to show him the incident report until after the guilty plea hearing—is not cognizable on direct appeal. Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective

assistance of counsel on the face of the record, we find that this claim should be raised, if at all, in a § 2255 motion.

**(4) Brady Violation.** In order to establish a Brady violation, a defendant must show that the government failed to disclose "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. Evidence is favorable to the accused not only if it would exculpate the accused, but also if it could be used to impeach a government witness. United States v. Ellis, 121 F.3d 908, 914 (4th Cir. 1997). "The Brady right, however, is a trial right . . ., and exists to preserve the fairness of a trial verdict and to minimize the chance that an innocent person would be found guilty." United States v. Moussaoui, 591 F.3d 263, 285 (4th Cir. 2010). "[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." United States v. Ruiz, 536 U.S. 622, 628, 633 (2002). Here, because no trial occurred, Brown may not assert a constitutional violation.[2] Moussaoui, 591 F.3d at 285.

---

[2] Moreover, as the district court concluded, the government turned over the incident report to defense counsel prior to Brown's guilty plea hearing.

**(5) Sixth Amendment.** Finally, Brown argues that Jennings' testimony at the suppression hearing regarding statements made by the confidential informant violated his Sixth Amendment rights. "We review alleged Confrontation Clause violations under the de novo standard of review." United States v. Lighty, 616 F.3d 321, 376 (4th Cir. 2010). The Confrontation Clause guarantees a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. In Crawford v. Washington, the Supreme Court held that the Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." 541 U.S. 36, 53–54 (2004).

But the admission of non-hearsay does not implicate a defendant's confrontation rights. See id. at 60 n.9 ("The Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."); Fed. R. Evid. 801(c) (defining an out-of-court statement as hearsay if it is "offered in evidence to prove the truth of the matter asserted"). Out-of-court statements explaining or providing context for the actions of law enforcement officers are routinely admitted as non-hearsay. See United States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985) (holding that agent's testimony concerning information received

from another agent "was offered not for its truth but only to explain why the officers and agents made the preparations that they did in anticipation of the appellant's arrest."). Here, the confidential informant's statements to Jennings were not offered for their truth, but for the limited, permissible purpose of explaining Jennings' ensuing actions regarding the search warrant. Because the statements explained context and motivation, we conclude that the testimony did not implicate the Confrontation Clause.

Accordingly, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>